**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-2221

RICHARD GITTER,

             Plaintiff - Appellant,

        v.

CARDIAC & THORACIC SURGICAL ASSOCIATES, LTD.; ROCKINGHAM
MEMORIAL HOSPITAL,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:07-cv-00546-RLW)

Submitted:  July 8, 2009            Decided:  July 21, 2009

Before TRAXLER, Chief Judge, and WILKINSON and GREGORY, Circuit
Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Henry I. Willett, III, David B. Lacy, CHRISTIAN & BARTON, LLP,
Richmond, Virginia; Victor L. Hayslip, Walker S. Stewart, BURR &
FORMAN, LLP, Birmingham, Alabama, for Appellant.  Charles M.
Allen, GOODMAN, ALLEN & FILETTI, PLLC, Glen Allen, Virginia;
Marshall H. Ross, WHARTON ALDHIZER & WEAVER, PLC, Harrisonburg,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Gitter appeals the district court's order adopting the magistrate judge's report and recommendation to grant Defendants' summary judgment motions on his claims for breach of contract; fraud, misrepresentation and deceit; fraudulent suppression; fraudulent inducement to enter a contract; and conspiracy. On appeal, Gitter challenges only the district court's dismissal of his breach of contract claim against Defendants. We vacate the district court's order to the extent that it determined that Gitter was barred by Virginia's "unclean hands" doctrine from asserting that Defendants were equitably estopped from relying on a Statute of Frauds defense, but affirm the remainder of the district court's order.

To establish a breach of contract claim under Virginia law, a plaintiff must prove: "(1) a legally enforceable obligation of [the] defendant to [the] plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004) (citations omitted). An obligation that is not to be performed within a year is not a "legally enforceable obligation," however, if it is not "in writing and signed by the party to be charged or his agent." Va. Code Ann. § 11-2(8) (2006). Gitter's employment agreement was not to be performed within one

2

year and, accordingly, the agreement was required to be in writing under Virginia's Statute of Frauds. We conclude that the district court correctly held that the parties' various e-mail communications did not constitute a signed writing sufficient to satisfy the Statute of Frauds.

We nonetheless conclude that the district court erred when it applied Virginia's unclean hands doctrine to bar Gitter from claiming that Defendants were equitably estopped from asserting the Statute of Frauds defense. Before the unclean hands doctrine will bar an equitable remedy under Virginia law, the alleged wrongdoing of the party seeking relief must have "encouraged, invited, aided, compounded, or fraudulently induced" the other party's wrongful conduct. Perel v. Brannan, 594 S.E.2d 899, 908 (Va. 2004). The district court agreed with the Defendants' argument that a credentialing application submitted by Gitter contained materially false information, thereby tainting him with unclean hands. But it is undisputed that Gitter's credentialing application was neither relied upon nor even reviewed by Defendants during their negotiations with Gitter, or at any time prior to their decision to forego consummating Gitter's employment agreement. Thus, Gitter's application, even if misleading, could not have "encouraged, invited, aided, compounded, or fraudulently induced" Defendants to forego consummating the employment agreement. Accordingly,

3

we find that the district court erred when it determined that Gitter's allegedly incorrect responses on his credentialing application permitted invocation of the unclean hands doctrine under Virginia law. The district court's order is thus vacated to the extent that it applied the unclean hands doctrine to bar Gitter from asserting that Defendants were equitably estopped from relying on a Statute of Frauds defense.

The "[e]lements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment." See T--- v. T---, 224 S.E.2d 148, 151-52 (Va. 1976). Our review of the magistrate judge's report and recommendation, which was summarily adopted in its entirety by the district court, reveals that the magistrate judge did not conclusively determine whether Gitter could establish the necessary elements of Virginia's equitable estoppel doctrine based on his post-March 28, 2007 conduct (that is, whether Gitter reasonably relied on Defendants' March 28, 2007 assurances that the terms of his employment were agreed upon).

Accordingly, we vacate the district court's order to the extent the court applied Virginia's unclean hands doctrine to bar Gitter from claiming that Defendants were equitably estopped from asserting the Statute of Frauds defense, and remand to the district court for a determination of whether

4

Defendants should be equitably estopped from asserting the Statute of Frauds as a defense to Gitter's breach of contract claim. We affirm the remainder of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>